UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

IRONWORKS PATENTS, LLC,

Plaintiff,

v.

SOUNDHOUND, INC.,

Defendant.

Case No.: 18cv1865-JLS(KSC)

**CASE MANAGEMENT ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS IN A PATENT CASE**

On December 12, 2018, the Court convened an Early Neutral Evaluation Conference in this action. The case did not settle. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, IT IS HEREBY ORDERED that:

1. On or before ***December 20, 2018***, each party claiming patent infringement shall separately serve on all parties a Disclosure of Asserted Claims and Preliminary Infringement pursuant to Patent L.R. 3.1 and produce documents as required by Patent L.R. 3.2.

2. On or before ***March 1, 2019***, each party opposing a claim of infringement shall serve Invalidity Contentions pursuant to Patent L.R. 3.3 and produce documents as required by Patent L.R. 3.4.

3. On or before ***March 19, 2019***, the parties shall exchange Preliminary Claim Constructions pursuant to Patent L.R. 4.1(a) and identify extrinsic evidence as required by Patent L.R. 4.1(b).

4. On or before ***April 2, 2019***, the parties shall exchange Responsive Claim Constructions pursuant to Patent L.R. 4.1(c) and identify extrinsic evidence as required by Patent L.R. 4.1(d).

5. On or before ***April 16, 2019***, parties shall complete and file a Joint Claim Construction Chart, Joint Claim Construction Worksheet, and Joint Hearing Statement pursuant to Patent L.R. 4.2.

6. The deadline for filing, as of right, Amended Infringement Contentions by a party claiming infringement is ***April 16, 2019***. See Patent L.R. 3.6(a).

7. All discovery intended for use in the Claim Construction Hearing must be completed by ***May 14, 2019***. See Patent L.R. 4.3.

8. The deadline for filing, as of right, Amended Invalidity Contentions by the party opposing infringement is ***May 14, 2019***. See Patent L.R. 3.6(b)

9. On or before ***May 28, 2019***, the parties must file simultaneously their Opening Claim Construction Briefs. See Patent L.R. 4.4(a).

10. On or before ***June 11, 2019***, the parties must file simultaneously their Responsive Claim Construction Briefs. See Patent L.R. 4.4(b).

11. The Claim Construction and tutorial hearing is tentatively scheduled for ***June 27, 2019*** at ***9:00 a.m.*** before District Judge Janis L. Sammartino. *See* Patent L.R. 4.5.

12. Not later than thirty (30) days after the filing of the Claim Construction Order, any party relying upon advice of counsel as part of a patent-related claim or defense for any reason must make the disclosures required by Patent L.R. 3.7

13. A party asserting infringement must serve final amended infringement contentions, within the meaning of Patent L.R. 3.6(a)(1), not later than thirty (30) days after service of the Court's Claim Construction Ruling.

14. A party opposing a claim of infringement must serve final amended invalidity contentions, within the meaning of Patent L.R. 3.6(b)(2), not later than fifty (50) days after service of the Court's Claim Construction ruling.

15. A Mandatory Settlement Conference shall be conducted on ***August 22, 2019***, at ***2:30 p.m.***, in the chambers of **Magistrate Judge Karen S. Crawford**. Counsel shall submit confidential settlement statements directly to chambers no later than ***August 15, 2019***. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. Settlement conference briefs shall not be filed with the Clerk of the Court, nor shall they be served on opposing counsel. Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. Retained outside corporate counsel shall not appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

16. The initial date for the substantial completion of document discovery including electronically stored information ("ESI") is ***August 27, 2019***. See Patent L.R. 2.1(a)(1).

17. All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before ***August 27, 2019***. Any contradictory or rebuttal disclosures within the meaning of Rule 26(a)(2)(D)(ii) shall be disclosed on or before ***September 17, 2019***.

/ / /

/ / /

Unless otherwise stipulated by the parties, the required expert disclosures shall include an expert report as required by Rule 26(a)(2)(B). If a written report is not required, the disclosure must provide the information required under Rule 26(a)(2)(c).

18. All discovery, including expert discovery, shall be completed by all parties on or before ***September 27, 2019***. "Completed" means that interrogatories, requests for production, and other discovery requests must be served at least thirty (30) days prior to the established cutoff date so that response thereto will be due on or before the cutoff date. All subpoenas issued for discovery must be returnable on or before the discovery cutoff date. All disputes concerning discovery shall be brought the attention of the Magistrate Judge no later than forty-five (45) days following the date upon which the event giving rise to the dispute occurred. Counsel are required to meet and confer regarding all discovery disputes pursuant to the requirements of Local Rule 26.1(a). Counsel are to comply with the chambers rules of the Magistrate Judge in bringing discovery before the court.

19. All other dispositive motions, including those addressing *Daubert* issues, shall be FILED on or before ***January 13, 2020***. Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Failure of counsel to timely request a motion date may result in the motion not being heard. Motions *in Limine* are to be filed as directed in the Local Rules, or as otherwise set by **Judge Sammartino**.

20. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

21. In order to identify the claims to be tried and eliminate delay and surprise at trial, the Court enters the following pretrial order pursuant to Fed. R. Civ. P. 16.

22. Parties are excused from the requirement of Local Rule 16.1(f)(2)(a); no Memoranda of Law or Contentions of Fact are to be filed.

23. All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before ***February 20, 2020***. Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

24. Pursuant to Local Civil Rule 16.1(f)(4), on or before ***February 27, 2020***, the parties shall meet and confer to comply with the provisions of that section and prepare a proposed pretrial order in accordance with Local Rule 16.1(f)(6)(c), and containing the following:

a. A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

b. A list of the causes of action to be tried, referenced to the Complaint [and Counterclaim if applicable]. For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses. A cause of action in the Complaint [and/or Counterclaim] which is not listed shall be dismissed with prejudice.

c. A list, in alphabetical order, of:

i. Each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

ii. Each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the expert witnesses' testimony.

iii. Additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

d. A list of:

i. All exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit. All exhibits are to be

identified numerically, plaintiff starting with "1" and defendant beginning with an agreed upon numerical designation.

ii. All other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

e. A statement of all facts to which the parties stipulate. This statement shall be on a separate page and will be read to and provided to the jury.

f. A list of all deposition transcripts by page and line, or videotape depositions by section that will be offered at trial.

g. Counsel will note any objections they have to any other parties' Fed. R. Civ. P. 26 (a)(3) Pretrial Disclosures.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. **Judge Janis L. Sammartino** will entertain any questions concerning the conduct of the trial at the pretrial conference.

27. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f)(6)(a). On or before ***March 5, 2020***, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties should attempt promptly to resolve their differences, if any, concerning the order.

28. The proposed final pretrial conference order, including objections counsel have to any other party's Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with **Judge Janis L. Sammartino** chambers on or before ***March 12, 2020***, and shall be in the form prescribed in and in compliance with Local Rule 16.1(f)(6)(c). Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

29. The final pretrial conference shall be held before the **Honorable Janis L. Sammartino**, United States District Court Judge, on ***March 19, 2020*** at **1:30 p.m.**, during which time the Court will address the submission of motions *in limine*, trial briefs, proposed *voir dire* and jury instructions and the trial schedule.

30. The dates and times set forth herein will not be modified except for good cause shown.

31. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: December 18, 2018

Hon. Karen S. Crawford
United States Magistrate Judge